IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK BANKS**, | CIVIL ACTION NO. 1:08-CV-1394 |
| Petitioner | (Judge Conner) |
| v. | |
| **UNITED STATES ATTORNEY**, et al., | |
| Respondents | |

## MEMORANDUM

Frederick Banks, an inmate currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City"), petitions this court under 28 U.S.C. §§ 1361 and 1651 for a writ of mandamus. Specifically, Banks seeks a writ compelling the United States Attorney for the Middle District of Pennsylvania to investigate charges of criminal activity allegedly engaged in by officials at the Federal Prison Camp at Canaan ("FPC-Canaan"), the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner"); and FCI-Yazoo City, and to present any evidence of such criminal activity to a grand jury. (Doc. 1.) With respect to the purported criminal activity, Banks contends that FPC-Canaan officials falsified incident reports to include statements that Banks possessed personal information regarding FPC-Canaan's warden in an attempt to have Banks transferred to another federal facility. (Id. at 4.) Banks also claims that FCI-Butner officials falsified documents and "concocted other lies" in order to have him transferred to FCI-Yazoo City. (Id. at 7.) He also contends that FCI-Yazoo City

officials falsified documents in his central file in order to increase his security status and violate his civil rights. (Id. at 4-5.) Further, Banks makes a number of civil claims against FCI-Yazoo City officials, including, *inter alia*, that officials fired him from his law library work assignment without cause and refused him further employment; moved him from his bottom bunk despite his medical restrictions; confiscated various items from his cell during a unit shakedown and failed to return them; and switched his work detail from weekends to weekdays without informing him of the change. (Id. at 5-7.) Banks also contends that officials at all three institutions denied him equal access to services and land for religious practice, as well as obstructed the administrative remedy process. (Id. at 6-7.)

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity. See 28 U.S.C. § 1915A(a). In the court's review, it must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1) and (2).

Federal courts are authorized to issue writs of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a). The All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Id. Mandamus jurisdiction is also found in 28 U.S.C. § 1361, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the

United States or any agency thereof to perform a duty owed to the plaintiff." Id. Mandamus is an appropriate remedy only in the most extraordinary of situations. In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001); see also Morrow v. Meehan, No. 05-6786, 2006 WL 2473623, at *1 (E.D. Pa. Aug. 24, 2006) ("The writ of mandamus is a remedy reserved only for extraordinary circumstances."). A mandamus petitioner must establish that the respondent has a clear, nondiscretionary duty to act. Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 392 (2004) (Stevens, J., concurring) (quoting Heckler v. Ringer, 466 U.S. 602, 616-17 (1984)); see also Conn v. Bhatti, No. 07-1718, 2007 WL 2972578, at *1 (M.D. Pa. Oct. 10, 2007). Mandamus will not issue to compel discretionary functions. Cheney, 542 U.S. at 392; see also City of Milwaukee v. Saxbe, 546 F.2d 693, 701 (7th Cir. 1976) ("[T]here is no jurisdictional grant under the mandamus statute to consider a mandamus remedy . . . that would order performance of discretionary, as opposed to ministerial, acts by federal officials.").

It is well-settled that mandamus does not lie to compel a United States Attorney to perform a discretionary act. See Lichtman v. United States, No. 07-2902, 2008 WL 3274113, at *2 (3d Cir. Aug. 11, 2008) ("[F]ederal courts have traditionally, and, to our knowledge, uniformly refrained from overturning, at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made."); Schaeffer v. Wilson, 240 F. App'x 974, 976 (3d Cir. 2007) (same); see also Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379 (2d Cir.

1973) (listing cases from other circuits reaching the same holding). Further, a private citizen does not have a legal right to compel government officials to arrest or prosecute another person. Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 767 n.13 (2005) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). The decision to investigate, prosecute, and/or file criminal charges rests solely within the discretion of the prosecutor. See Abraham v. Danberg, No. 08-0311, 2008 WL 2950994, at *2 (D. Del. July 31, 2008) (citing United States v. Batchelder, 442 U.S. 114, 124 (1979)).

      Turning to the instant petition, the court finds no basis for awarding mandamus relief. Banks seeks an order directing the United States Attorney to present his claims to a grand jury. However, as set forth above, the decision to investigate and/or criminally prosecute an individual lies within the sound discretion of the United States Attorney and not the court or a private individual, such as Banks. Thus, Banks' petition fails to state a claim upon which relief may be granted.

      An appropriate order will issue.

                                    S/ Christopher C. Conner
                                CHRISTOPHER C. CONNER
                                United States District Judge

Dated:       August 15, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS**, | : | CIVIL ACTION NO. 1:08-CV-1394 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES ATTORNEY**, et al., | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 15th day of August, 2008, upon consideration of the petition for writ of mandamus (Doc. 1) and the motion for leave to proceed *in forma pauperis* (Doc. 2), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED for the sole purpose of filing this petition.

2. The petition for writ of mandamus (Doc. 1) is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

4. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge