IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS**, | : | CIVIL ACTION NO. 1:08-cv-1394 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES ATTORNEY, et al.,** | : | |
| Respondents | : | |

## **MEMORANDUM**

Presently before the court is plaintiff Frederick Banks' ("Banks") motion for reconsideration of the court's memorandum and order of August 15, 2008 (Doc. 5), dismissing his *pro se* petition for writ of mandamus for failure to state a claim. Banks moves pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the instant motion (Doc. 7) will be denied.

## I. **Background**

Frederick Banks, an inmate currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City"), petitioned this court under 28 U.S.C. § 1361 and 28 U.S.C. § 1651 for a writ of mandamus compelling the United States Attorney for the Middle District of Pennsylvania to investigate charges of criminal activity allegedly engaged in by officials at Federal Prison Camp at Canaan, in Waymart, Pennsylvania ("FPC-Canaan"); Federal Correctional Institution in Butner, North Carolina ("FCI-Butner"); and FCI-Yazoo City, and present any such evidence to a grand jury. (Doc. 1.) Specifically, Banks

contended that FPC-Canaan officials falsified incident reports with statements that Banks had personal information of FPC-Canaan's warden in order to have Banks transferred to another federal facility. (Id. at 4.) He also claimed that FCI-Butner officials falsified documents and "concocted other lies" in order to have Banks transferred to FCI-Yazoo City. (Id. at 7.) He also contended that FCI-Yazoo City officials falsified documents in his central file in order to increase his security status and violate his civil rights. (Id. at 4-5.) Further, Banks made a number of civil claims against FCI-Yazoo City officials, including, *inter alia*, that officials fired him from his law library work assignment without cause and refused him further employment; moved him from his bottom bunk despite his medical restrictions; confiscated various items from his cell during a unit shakedown and did not return them; and switched his work detail from weekends to weekdays without informing him of the change. (Id. at 5-7.) He also contended that officials at all three institutions denied him equal access to services and land for religious practice, as well as obstructed the administrative remedy process. (Id. at 6-7.)

By memorandum and order dated August 15, 2008, the court dismissed Banks' complaint for failure to state a claim upon which relief may be granted. (Doc. 5.) Specifically, the court found that because the decision to investigate and/or criminally prosecute an individual is within the sound discretion of the United States Attorney and not the court, Bank's petition seeking an order directing the United States Attorney to present his claims to a grand jury failed to state a claim.

Consequently, Banks filed the instant motion to alter or amend judgment, or, in the alternative, to void judgment. (Doc. 7.) After careful review, the court will deny the motion.

## II.  Legal Standards

### A.  Rule 59(e) motion

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." Hill v. Tammac Corp., No. 05-

1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. D'Angio v. Borough of Nescopeck, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

### B. Rule 60 motion

Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than a year after the entry of judgment. FED. R. CIV. P. 60(c)(1).

"The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (citing 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2851). Further, relief is available only in cases evidencing extraordinary circumstances. See Ackerman v. United States, 340 U.S.

193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.'" Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

## III. Discussion

In the instant motion, Banks claims that the court erred in dismissing the petition for writ of mandamus pursuant to 28 U.S.C. § 1915A(b)(1) because the underlying action is criminal in nature rather than civil, and therefore the PLRA is not applicable. In support, he cites the Third Circuit Court of Appeals' pronouncement that "we now conclude that this circuit will no longer require mandatory fees under the PLRA for filing petitions for writs of mandamus seeking to compel district courts to hear and decide actions brought solely under 28 U.S.C. §§ 2241, 2254, and 2255." In re Phillips, 133 F.3d 770, 771 (3d Cir. 1998). In addition, Banks repeats his claim that he is not seeking a writ of mandamus directing the United States Attorney to prosecute the relevant individuals based on his evidence; rather, he is merely seeking to have his evidence presented to a grand jury.

Applying the standards used when a party seeks reconsideration, the court concludes that Banks has not demonstrated applicable grounds for reconsideration of his petition for writ of mandamus. Initially, the court finds no intervening change in controlling law and no error of law or fact. Clearly, the Third Circuit's pronouncement in In re Phillips is not applicable in this case, where Banks is not seeking to compel the court to hear and decide an action brought under §§ 2241,

2254, or 2255.  Rather, Banks is seeking to compel the court to direct the United States Attorney to investigate and present evidence to a grand jury on his behalf.  Additionally, Banks' restated argument does not constitute new evidence that was not available when the court entered judgment.  In sum, nothing presented by Banks challenges the court's determination that he failed to state claim in his petition for writ of mandamus because the decision to investigate and/or criminally prosecute an individual is within the sound discretion of the United States Attorney and not the court.  Thus, Banks is not entitled to relief under either Rule 59(e) or Rule 60(b) and his motion will be denied.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        October 6, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK BANKS,** : | **CIVIL ACTION NO. 1:08-CV-1394** |
| : | |
| Petitioner : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **UNITED STATES ATTORNEY, et al.,** : | |
| : | |
| Respondents : | |

## **ORDER**

AND NOW, this 6th day of October, 2008, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that petitioner's motion for reconsideration (Doc. 7) is DENIED.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge